IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THE HANOVER INSURANCE　　　)
COMPANY,　　　　　　　　　　)
　　　　　　　　　　　　　　 )
　　　　　　 Plaintiff,　　　　　)
　　　　　　　　　　　　　　 )
vs.　　　　　　　　　　　　　 )　　　Case No. 2:18-cv-1418-TMP
　　　　　　　　　　　　　　 )
BASF CORPORATION;　　　　　 )
　　　　　　　　　　　　　　 )
　　　　　　 Defendant.　　　　 )

## MEMORANDUM OPINION

This matter is before the court on the motion to dismiss/motion for judgment
on the pleadings filed by defendant BASF Corporation.　(Doc. 4).　The motion
has been fully briefed.　The parties have consented to the jurisdiction of the
undersigned magistrate judge.

## BACKGROUND

This action was commenced by the filing of a complaint in the Circuit Court
of Jefferson County, Alabama, in which the plaintiff, The Hanover Insurance
Company ("Hanover") sued BASF Corporation ("BASF") in five counts for
declaratory judgment, breach of express warranties, breach of implied warranties,
negligence, and under the Alabama Extended Manufacturer's Liability Doctrine

("AEMLD"). The complaint was filed on July 31, 2018, and removed to this court by BASF on August 31, 2018.

The complaint alleges the following facts, which are assumed to be true for purposes of the motion now before the court. The Kiva Lodge Association ("Kiva") entered into a contract with Hudak & Dawson Construction Company ("Hudak") on March 23, 2009, for remediation of water damage at its Kiva Dunes Clubhouse and Condominium.[1] (Complaint, doc. 1-1, ¶ 6). Another firm, Water Management Consultants ("WMC"), was retained to design the water remediation project. The contract between Kiva and Hudak was bonded by a Performance Bond issued by Hanover. As part of its design for the remediation project, WMC chose to install the "Senergy Stucco Wall System" and sealants manufactured by BASF. Hudak hired a subcontractor, Colvin Plastering, to install the Senergy Stucco Wall System and sealants.

To reduce the cost of the project, WDC modified its original remediation design to allow the Senergy Stucco Wall System to be installed over the original stucco (as opposed to installation only after removal of the old stucco) in the

---

[1] As discussed more extensively below, a point of controversy in this matter is the near-consistent failure of the complaint to allege any dates related to the events it describes. The date of the contract is the only pertinent date alleged in the complaint. BASF argues that the court may take judicial notice of other dates appearing in the court filings in a separate lawsuit in which Kiva sued Hudak and others (but not BASF) in the Circuit Court of Baldwin County, Alabama, purportedly for these same events. For purposes of describing the allegations of the instant complaint, the court will refrain from referring to any date not stated in the complaint itself.

"direct applied areas" of the building. (Complaint, doc. 1-1, ¶ 5) BASF reviewed and approved the modified design and agreed to issue a ten-year warranty against defects as long as the application instructions were followed by the contractor performing the application. (*Id.*).

Within a year after completion of the project, the remediation repairs failed, allowing water and moisture to leak into the building. (Complaint, doc. 1-1, ¶ 9). BASF was notified of the failure of the Senergy Stucco Wall System and sealants, but took not corrective action. Kiva then sued Hudak, Colvin, WMC, and Hanover (but not BASF) in the Circuit Court of Baldwin County on April 16, 2015,[2] ultimately leading to an arbitration of the claims among them. On May 11, 2018, the arbitration panel found in favor of Kiva and against Hudak, WMC, and Hanover (as Performance Bond Surety), but not against Colvin. (Complaint,

---

[2]     A court may take judicial notice of the *fact of the filing* of a complaint or pleading in the public records of another court. "Courts may take judicial notice of publicly filed documents, such as those in state court litigation, at the Rule 12(b)(6) stage." *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 812 (11th Cir. 2015) (citing Fed. R. Evid. 201; *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n. 9 (11th Cir. 2013)). The court may not, however, take judicial notice of the *contents* of a public filing for proof of the truth of factual matter asserted in the filing. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277 (11th Cir. 1999) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) (holding with respect to publicly-filed documents in connection with a Rule 12(b)(6) motion, "[s]uch documents should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents."). *See also Auto-Owners Ins. Co. v. Morris*, 191 F. Supp. 3d 1302, 1304 (N.D. Ala. 2016), in which Chief Judge Bowdre explained that "the Eleventh Circuit has distinguished between taking judicial notice of the fact that court records or court rulings *exist* versus taking judicial notice of the *truth* of matters stated within those court records or court rulings." (Italics in original).

doc. 1-1, ¶¶ 10-11). BASF was not part of the arbitration. Pursuant to its Performance Bond, Hanover then paid $794,485.50 to Kiva for full settlement and satisfaction of the arbitration award. (Complaint, doc. 1-1, ¶ 13).

After the complaint was filed in the Circuit Court of Jefferson County, Alabama, the case was removed to this court on August 31, 2018, and the defendant filed a motion to dismiss, or in the alternative, for a judgment on the pleadings.[3] Defendant asserts that the all of the claims are time-barred. In addition, defendant argue that there was no express warranty made by BASF; that the implied warranty claim fails because BASF is not a "seller" and the Senergy Stucco Wall System and sealants are not "goods" under the Uniform Commercial Code; that the negligence and AEMLD claims are barred by the economic-loss rule; and that the Senergy Stucco Wall System and sealants are not "products" under the AEMLD.

## STANDARD OF REVIEW

The instant motion to dismiss is premised upon the pleadings in this case and certain state-court records, of which BASF urges the court to take judicial notice. The motion is evaluated under Federal Rule of Civil Procedure 12(b)(6)

---

[3] The court notes that BASF has not yet filed an answer to the complaint, so the pleadings are not yet closed. Fed. R. Civ. P. 12(c) clearly states that a Rule 12(c) motion for judgment on the pleadings can be filed "[a]fter the pleadings are closed…." As a consequence, the only motion properly before the court is the defendant's Rule 12(b)(6) motion for failure to state a claim.

because the defendant has asserted that the plaintiff failed to state a claim upon which relief may be granted.

On a motion to dismiss, the court must accept as true all of the facts alleged in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-51, 173 L. Ed. 2d 868 (2009). Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Liberal notice pleading standards embodied in Rule 8(a) "do not require that a plaintiff specifically plead every element of a cause of action," *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001), or set out in precise detail the specific facts upon which she bases her claim. The complaint must only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (quoting *In re Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

The Supreme Court raised the threshold for a sufficient pleading in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1965 (2007) (rejecting the standard from *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that any "conceivable" set of facts supporting relief is sufficient to withstand a motion to dismiss). The threshold of plausibility is met where the

plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). To withstand scrutiny under Rule 12(b)(6) a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and that will thus "nudge [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Eleventh Circuit Court of Appeals has explained that the principles set forth in *Twombly* and *Iqbal* require the complaint to set forth sufficient facts that "raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health and Human Servs. Centers for Disease Control and Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010).

## DISCUSSION

### A. Statutes of Limitation

BASF seeks dismissal of all the claims asserted by Hanover on the basis that they are barred by the applicable statutes of limitation—Alabama's six-year limitation for contract and warranty claims, and the state's two-year limitation on

negligence and AEMLD claims. There is no dispute that Alabama state law governs the claims asserted here.[4]

The motion thus turns on when the claims asserted by Hanover accrued. The defendant argues that the claims accrued no later than 2010, when the BASF Senergy Stucco Wall System and sealants failed at the Kiva project. Although that date of failure does not appear in Hanover's complaint, BASF contends that the relevant dates can be ascertained from court records of the Kiva litigation in Baldwin County, of which this court may or must take judicial notice. The plaintiff first argues that none of the dates at issue appear on the face of the complaint and, therefore, the defense of timebar is not amenable to a motion to dismiss. Hanover further argues that its claims did not accrue until after the arbitration panel issued its determination in 2018 because Hanover's liability is entirely derivative of the liability of Hudak.

---

[4]    Alabama Code § 6-2-34 provides for a six-year limitation on "actions upon any simple contract." Alabama Code § 6-2-38(l) provides a two-year statute of limitations for "all actions for any injury to the person or rights of another not arising from contract...." However, the parties do not discuss Alabama's four-year statute of limitations that applies to breaches of warranty in a contract for sale. Alabama Code § 7-2-725, see also *Locke v. Ansell Inc.*, 899 So. 2d 250 (Ala. 2004) (applying four-year limitations period to breach of implied and express warranties). In any event, there is no fact alleged that could suggest that a limitations period longer than six years could be applied to the contract or warranty at issue here. The court assumes, without deciding, that the claims arising from any contract or warranty in this action are subject to the six-year limitation period, which puts the plaintiff in the best position to defend against assertion of the timebar.

At the outset, the court agrees with Hanover that it is not allowed to go outside the complaint in this case to obtain dates of events described in court filings in other courts. As noted above in footnote 2, while the court may take judicial notice of the fact and existence of a court filing, it may not take judicial notice of the *truth* of the factual allegations set out in those filings. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277 (11th Cir. 1999) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996); *Auto-Owners Ins. Co. v. Morris*, 191 F. Supp. 3d 1302, 1304 (N.D. Ala. 2016). Judicial notice is proper only for things that are not reasonably disputable. For example, the court may take judicial notice that Kiva filed its complaint against Hudak and Hanover in 2015, but it may not take judicial notice of the truthfulness of the dates of certain events alleged in the Kiva complaint because those dates may be reasonably disputed. Thus, to the extent that BASF argues that the court can glean the date of the failure of the Senergy Stucco Wall System at the Kiva project by looking to the allegation in the complaint filed in state court by Kiva, it misapprehends the extent to which the court may use judicial notice under FRE 201.

BASF cites a portion of the Alabama Supreme Court's decision in *The Hanover Insurance Co. v. Kiva Lodge Condo. Owners' Association*, 221 So. 3d 446 (Ala. 2016), to argue that the facts set out in that opinion—litigation in which

Hanover was a party—are subject to judicial notice in this court. That, too, misstates the law of judicial notice. Under FRE 201, a court may take judicial notice of an order or judgment in another court for the limited purpose only of establishing the fact of the "judicial act," not the truthfulness of any fact-finding made by the court. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *In re Delta Resources, Inc.*, 54 F.3d 722, 726 (11th Cir. 1995) ("we may not take judicial notice of a finding of fact by the bankruptcy court…."); *Grayson v. Warden, Comm'r, Alabama DOC*, 869 F.3d 1204, 1225 (11th Cir. 2017) ("even though a court may take judicial notice of a 'document filed in another court ... to establish the fact of such litigation and related filings,' a court cannot take judicial notice of factual findings of another court." (quoting *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998))). "It is well established that a court is precluded from taking judicial notice of the truth of a judicial finding of fact, simply because another judge has proclaimed the fact as so." *Urbanique Prod. v. City of Montgomery*, 428 F. Supp. 2d 1193, 1213 (M.D. Ala. 2006) (citing *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997)). Simply because the Alabama Supreme Court stated certain facts as found

in the litigation before it does not authorize this court to take judicial notice of those facts.[5]

Whether a statute of limitation bars a claim ultimately is an affirmative defense that must be pleaded and proved by the defendant, unless the essential facts of the defense appear on the face of the complaint itself. As BASF acknowledges, the complaint in this case does not plead facts from which crucial dates can be inferred. For that reason a Rule 12(b)(6)[6] simply cannot raise the challenge grounded on an affirmative defense, such as a statute of limitation. This is not to say that there is no statute-of-limitation defense, only that it cannot be raised in the current procedural posture of the case because the facts necessary

---

[5]     The court has also considered whether there is room for application of issue preclusion, also known as collateral estoppel, given that the findings made by the Alabama Supreme Court occurred in litigation in which Hanover was a party. Having once litigated these facts against Kiva, should Hanover be allowed to relitigate them against BASF? The Alabama law of issue preclusion, however, requires mutuality, the presence of both parties (or someone in privity with them) in both cases. "For the doctrine of collateral estoppel to apply, the following elements must be established: (1) that an issue in a prior action was identical to the issue litigated in the present action; (2) that the issue was actually litigated in the prior action; (3) that resolution of the issue was necessary to the prior judgment; and (4) *that the same parties are involved in the two actions*." *Walker v. City of Huntsville*, 62 So.3d 474, 487 (Ala.2010) (citations and internal quotation marks omitted) (italics added); *Malfatti v. Bank of Am., N.A.*, 99 So. 3d 1221, 1225 (Ala. 2012). BASF plainly was not a party in the prior Kiva case.

[6]     As already mentioned, the pleading are not closed, so a Rule 12(c) motion is not yet available. In the event BASF is required to file an answer, it may assert its affirmative defenses in it. Ordinarily, of course, the same standard of analysis applies to a Rule 12(c) motion as applies to a Rule 12(b)(6) motion—assuming the facts pleaded by the plaintiff to be true, does the complaint state a cognizable claim. The court points out, however, that Rule 7 identifies as a potential pleading, if ordered by the court, a "reply to an answer." In a reply, a plaintiff may be required to plead, subject to Rule 11, responses to affirmative defenses set out in the answer being replied to. Because a reply is a "pleading" under Rule 7, a Rule 12(c) motion for judgment on the pleadings can refer to the plaintiff's reply in support of reasons for entry of judgment.

to ascertain the crucial date or timeframe on which the Senergy Stucco Wall System and sealants failed cannot be determined from the face of the complaint or otherwise through judicial notice.

### B. Breach of Express and Implied Warranties

BASF alternatively seeks dismissal of the claims asserted against it alleging breach of express and/or implied warranties on the basis that the plaintiff has not alleged that it had any contractual relationship with BASF and that, even if subrogated to the claims of Hudak, there are no allegations that support the existence of any valid contract or warranty between BASF and Hudak. Hanover concedes the lack of privity of contract, but asserts that it "stands in the shoes" of Kiva and "now owns Kiva's claim for breach of warranty." (Doc. 12, p. 2).[7] The complaint alleges that BASF "offered" to issue a 10-year warranty, but that Kiva never asked for the warranty to be issued and it therefore was not issued by

---

[7]    Although the plaintiff asserts in response to the motion to dismiss that it has not been able to engage in discovery, the argument is unavailing as a response to Rule 12 motion, as opposed to a Rule 56 motion for summary judgment. See, e.g., *Chudasama v. Mazda Mtr. Corp.*, 123 F.3d 1353 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true."). Although *Chudasama* has been criticized and limited over time, it remains axiomatic that courts need not "allow the plaintiffs to make their case through discovery even though the pleading almost certainly failed to state a claim." *Jones v. Bank of Amer. Corp.*, 2013 WL 5657700 (M.D. Ga. Oct. 15, 2013). See also *Inman v. Amer. Paramount Fin.*, 517 F. App'x 744, 748-49 (11th Cir. 2013) (affirming order granting motion to dismiss and noting that arguing a lack of discovery is "misguided" because pleading standards apply before the time for discovery begins).

BASF.  This "offered" warranty is the subject of the claim requesting a declaratory judgment in Count I and the claim based upon an express warranty in Count II.  (Doc. 1-1, pp. 6-8).  Because the plaintiff has conceded that no written warranty was ever sought or provided, neither Hanover nor Kiva can have any claim for a breach of a non-existent warranty, nor can the court declare the rights of any party under a warranty that was never issued.  Accordingly, the motion to dismiss is due to be granted, and the claims for declaratory judgment and for breach of an express warranty (Counts I and II, respectively) are due to be dismissed for this reason.

As to the claim for breach for an implied warranty, Hanover alleges that BASF impliedly warranted that WMC's plan for application of BASF's Senergy Stucco Wall System and sealants would provide a watertight envelope for the building.  (Doc. 1-1, pp. 8-9).  The complaint does not specify whether it relies upon an implied warranty of merchantability or an implied warranty of fitness for a particular purpose.  However, the defendant points out that the Uniform Commercial Code as codified in Alabama applies to the "seller" of a product, and not the manufacturer, and further applies only to a seller of "goods."  Alabama Code § 7-2-103; *Wellcraft Marine v. Zarzour*, 577 So. 2d 414, 419 (Ala. 1991).[8]

---

[8]     The court expresses no opinion whether BASF is a "seller" for purposes of the UCC or whether the wall system manufactured by BASF is a "product."

The court agrees that the Senergy Stucco Wall System at issue in this case is not a "good" within the meaning of the UCC provisions for implied warranties, based upon established Alabama law examining "Dryvit Systems." The state supreme court has rejected the classification of the Dryvit stucco wall system as a "good" on the basis that the stucco finish is "not severable from the home." *Keck v. Dryvit Systems, Inc.*, 830 So. 2d 1, 8 (Ala. 2002) (relying upon Ala. Code § 7-2-105(1) definition of "goods" under the UCC); *see also Gordon v. Acrocrete, Inc.*, 2006 WL 1096156, *5 (S.D. Ala. April 24, 2006) (determining that Acrocrete, a stucco finishing system, is not a "good" because it is not severable from the realty without "causing substantial harm"). In *Keck*, the state supreme court said:

> Article 2 of the Uniform Commercial Code as enacted in Alabama generally provides that a warranty of merchantability is implied in a contract for the sale of goods. § 7–2–314, Ala. Code 1975. The UCC defines "goods" as "all things ... which are moveable at the time of identification to the contract for sale." § 7–2–105(1), Ala. Code 1975. As defined within the UCC, "goods" may include "things attached to realty." Id. The test for determining whether an attachment to realty is a good under the UCC is whether the "thing" attached to the realty is capable of severance without material harm to the realty. Paragraph 1, Official Comment to § 7–2–105, Ala.Code 1975.

*Keck v. Dryvit Systems, Inc.*, 830 So. 2d 1, 8 (Ala. 2002).   The court went on to explain that, once installed, the Dryvit stucco wall system lost "its distinct characteristic as a 'good' and bec[a]me an integral part of the structure of a home," the removal of which "would damage the underlying sheathing of the house and the overall structural integrity of the house, leaving the house exposed to the elements."   *Id.*

Although Hanover asserts that the BASF Senergy Stucco Wall System at issue in this case is vastly different from the Dryvit system at issue in <u>Keck</u>, it is clear that such exterior cladding is sufficiently attached to the realty that it is not "severable" from the realty once installed, and thus is not a "good" under the UCC that can be the subject of an implied warranty of merchantability or of fitness for a particular purpose.   The complaint alleges that the Senergy Stucco Wall System would constitute the exterior cladding and water-proofing of the structure.   It was "an integral part of the structure" of the building.   At paragraphs 26 and 27, the complaint alleges that BASF impliedly warranted that the Senergy Stucco Wall System "would provide a watertight building envelope and would resolve and prevent water and moisture intrusion" in the building.   Clearly, it was an exterior cladding, the removal of which would "leav[e] the [building] exposed to the elements."

It is plain that, as pleaded in the facts alleged in the complaint, the BASF Senergy Stucco Wall System and sealants were not a "good" as defined by Alabama's UCC. As such, no implied warranties arose in connection with its installation, and Count III is due to be dismissed.

### C. Claims of Negligence and Product Liability

BASF also asserts that the economic loss rule bars the plaintiff's claims of negligence and product liability under the AEMLD. Under Alabama's economic loss rule, a plaintiff is barred from recovering in tort where the product that is alleged to be defective causes property damage only to itself. *Carrell v. Masonite Corp.*, 775 So. 2d 121, 125 (Ala. 2000) (defective siding caused harm to plaintiffs' home); *Lloyd Wood Coal Co. v. Clark Equipment Co.*, 543 So. 2d 671, 674 (Ala. 1989) (adopting the rule and noting that "a claim of a nonworking product can be brought as a breach of warranty action ... or [as] breach of contract."); *Tuscumbia City Sch. Sys. v. Pharmacia Corp.*, 871 F. Supp. 2d 1241, 1252 (N.D. Ala. 2012) (distinguishing cases where the product creates a hazard beyond its own failure or damage).

In response, Hanover asserts that the economic loss rule does not apply where the damage to the wall system may have been caused by the failure of the "sealants," rather than the "Senergy Stucco Wall System." All of the facts as

alleged in the complaint, however, indicate that the sealants and the wall system were part of the "pre-designed stucco system manufactured and sold by BASF." (Complaint, Doc. 1-1, ¶ 5). The sealants were an integral part of the Senergy Stucco Wall System, not a separate or unrelated product. Without the sealants, the stucco wall system would be ineffective as a "watertight envelope." They were a necessary and integral part of the design of the system, and the failure of the sealants was a failure of the stucco wall system itself.

The system at issue is similar to the Masonite siding at issue in *Carroll*, and the "failure" of the wall system as a whole gives rise to the economic loss rule. While neither party has cited to an Alabama case that specifically addresses whether damage to the entire building constitutes damage to other property, other courts have held that "property that the defective product is integrated into" is not considered to be "other property" for purposes of avoiding the economic loss rule. Premix-Marbeltite Mfg. Corp. v. SKW Chemicals, Inc., 145 F. Supp. 2d 1348, 1359 (S.D. Fla. 2001) (applying Florida law). The remedy for damage to a building caused by the failure of a building component is in breach of contract or warranty, not tort.

Plaintiff's claims arising from negligence and the AEMLD, as discussed above are based upon the failure of the stucco product itself. As such the tort

claims in negligence and AEMLD are barred by Alabama's economic loss rule, and the motion to dismiss is due to be granted as to Counts IV and V on this ground.

## **CONCLUSION**

Based upon the foregoing, the defendant's motion to dismiss (doc. 4) is due to be granted and the plaintiff's complaint is due to be dismissed.

A separate order will be entered dismissing the claims as described herein.

DONE this 15th day of January, 2019.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE